45 F.3d 427
 Pens. Plan Guide P 23908X
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONSBANK of NORTH CAROLINA, N.A., successor to NCNB
National Bank of North Carolina; NCNB National
Bank, successor to NCNB Financial
Services, Inc., Plaintiff-Appellee,
and
Roy V. Creasy, Trustee, Plaintiff,
v.
Joseph B. SHUMATE, Jr., Defendant-Appellant,
and
Coleman Furniture Corporation; Coleman Furniture
Corporation Pension Plan, Defendants.
 No. 93-2092
 United States Court of Appeals, Fourth Circuit
 Dec. 29, 1994
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen M. Williams, Senior District Judge. (CA-83-279-R, CA-96-432-R, CA-86-433-R, CA-86-272-R)
 Joseph B. Shumate, Jr., Appellant Pro Se. Stephen McQuiston Hodges, PENN, STUART, ESKRIDGE & JONES, Abingdon, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Joseph B. Shumate, Jr., appeals the district court's order denying his motion to quash a notice of lien on his bank account filed by Nationsbank to satisfy a judgment obtained by its predecessor in interest, NCNB Financial Services, Inc. Shumate was president of Coleman Furniture Company and was a participant in Coleman's pension plan. Coleman filed for bankruptcy in 1982; Shumate's personal bankruptcy followed two years later. A dispute then arose among Shumate, the trustee of Shumate's bankruptcy estate (the "Shumate Trustee"), and the trustee of Coleman's bankruptcy estate (the "Coleman Trustee") over Shumate's interest in the Coleman pension plan. Shumate settled the dispute with the Coleman Trustee for $250,000, and agreed to payment of this amount into the district court's registry, pursuant to Fed.R.Civ.P. 67, pending the outcome of the dispute between Shumate and the Shumate Trustee. That dispute was ultimately settled by the United States Supreme Court which held that Shumate's interest in the Coleman pension fund was not includible in his bankruptcy estate. Patterson v. Shumate, 60 U.S.L.W. 4550 (U.S.1992).
 
 
 2
 While that case was pending, NCNB (now Nationsbank) obtained a judgment against Shumate as guarantor on a note to Coleman and also on a personal promissory note. This Court affirmed the district court's award to NCNB, but remanded for recalculation of interest and attorneys' fees. NCNB Fin. Servs. v. Shumate, No. 90-2026(L) (4th Cir. Jan. 15, 1992) (unpublished). The revised judgment, as of June 1993, was $410,000, plus interest from July 26, 1990.
 
 
 3
 NCNB initially attempted to satisfy its judgment by levying on the fund while it was still in the district court's registry. In NCNB Fin. Servs. v. Shumate, No. 92-2474 (4th Cir. May 18, 1993) (unpublished), this Court determined that the funds were unreachable by creditors until after an actual, and not constructive, distribution was made.
 
 
 4
 In June 1993, the district court clerk paid out the $250,000, plus interest, to Shumate. Nationsbank immediately filed a notice of lien on Shumate's bank account in which he had deposited the money. The district court determined that the funds were no longer protected by the anti-alienation provisions afforded by ERISA (29 U.S.C. Sec. 1056(d)(1) (1988)) and denied Shumate's motion to quash the notice of lien as to funds originating from the Coleman pension plan. Shumate's motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59 was also denied. Shumate noted a timely appeal.
 
 
 5
 Shumate contends that the ERISA anti-alienation protection continues during the sixty-day rollover period provided by I.R.C. Secs. 402, 403 (1988). Our review of the district court's opinion and this Court's decision in Tenneco, Inc. v. First Virginia Bank, 698 F.2d 688 (4th Cir.1983) discloses that Shumate's contention is without merit. Accordingly, we affirm on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.